IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-78,140-03 & -04






EX PARTE NATHANIEL DWIGHT WOOD, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 21854-B & 21855-B IN THE 181ST DISTRICT COURT


FROM RANDALL COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of harassment
of a public servant and assault on a public servant and sentenced to seven years' imprisonment on
each count. He did not appeal his convictions.

 Applicant contends that he has been diagnosed with bipolar disorder and autism and is mildly
mentally retarded. He also contends that trial counsel lied to him and failed to follow the trial
judge's orders. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claims. Trial counsel shall state whether: he
investigated Applicant's mental history and, if so, what he investigated; he believed insanity was a
viable defense; he believed Applicant was competent to stand trial; and he believed Applicant's
guilty pleas were knowing and intelligent. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether insanity was
a viable defense and whether Applicant was competent to stand trial. The trial court shall also
determine whether trial counsel's conduct was deficient and, if so, whether Applicant's guilty pleas
were rendered involuntary. Hill v. Lockhart, 474 U.S. 52 (1985). The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claims for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. The reporter's record of
Applicant's guilty pleas, if it exists, shall also be forwarded with the supplemental record. Any
extensions of time shall be obtained from this Court. 


Filed: September 26, 2012

Do not publish